# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EILEEN GEORGE,<br><br>　　　　　　　　Plaintiff,<br>　vs.<br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>　　　　　　　　Defendant. | CASE NO. 09cv2084-WQH-PCL<br><br>ORDER |

HAYES, Judge:

　　　The matter before the Court is the review of the Report and Recommendation (ECF No. 16) issued by United States Magistrate Judge Peter C. Lewis, recommending that Plaintiff's Motion for Summary Judgment (ECF No. 13) be denied and Defendant's Cross-Motion for Summary Judgment (ECF No. 14) be granted.

## BACKGROUND

　　　On September 27, 2006, Plaintiff filed an application for disability insurance benefits, alleging disability since September 14, 2006. The application was denied initially and on reconsideration. On March 17, 2009, Plaintiff appeared with counsel for a hearing before an Administrative Law Judge ("ALJ").

　　　On March 31, 2009, the ALJ issued a written opinion. (Admin. R. at 24-30, ECF No. 9-2). The ALJ found that Plaintiff has the following severe impairments: cervical disc disease, thoracic spondylosis and diabetes mellitus. The ALJ concluded:

> Considering the [Plaintiff]'s age, education, work experience, and residual functional capacity, the [Plaintiff] has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy, including the occupation of school nurse, which is skilled light work, of which there are 500 jobs in the San Diego economy and 75,000 jobs in the national economy. This finding ... is predicated on expert vocational testimony provided at the hearing.... The [Plaintiff] has not

been under a disability from September 14, 2006 through the date of this decision.

*Id.* at 30. The ALJ referenced testimony by a vocational expert at the March 17, 2009 hearing. The vocational expert testified in response to a hypothetical that Plaintiff could perform the occupation of school nurse and insurance clerk. Plaintiff's counsel asked the vocational expert if a "public health license" is a "prerequisite" for the job of school nurse. *Id.* at 75. The vocational expert responded: "Not to my knowledge." *Id.*

On May 12, 2009, Plaintiff submitted a request for review of the ALJ's decision with the Appeals Council. Plaintiff submitted evidence indicating that the State of California requires a school nurse to have a baccalaureate or higher degree, whereas Plaintiff's counsel stated that Plaintiff only had an associate's degree in nursing.

On July 23, 2009, the Appeals Council issued a written notice denying Plaintiff's request for review and stating that the ALJ's March 31, 2009 decision is the final decision of Defendant Michael J. Astrue, Commissioner of the Social Security Administration ("Commissioner"). The Appeals Council stated in part: "Your [attorney] contended that the vocational expert testimony is deficient because the State of California requires a school nurse to have a baccalaureate or higher degree. However, there is no indication such requirement is enforced across the nation." *Id.* at 2.

On September 23, 2009, Plaintiff filed a Complaint in this Court seeking judicial review of the Commissioner's decision. (ECF No. 1).

On May 14, 2010, Plaintiff filed the Motion for Summary Judgment. (ECF No. 13). On May 26, 2010, Defendant filed the Cross-Motion for Summary Judgment. (ECF No. 14).

On October 1, 2010, the Magistrate Judge issued the Report and Recommendation. (ECF No. 16). The Magistrate Judge concluded that the "ALJ's residual functional capacity finding is supported by substantial evidence" and the "ALJ sufficiently supported [the] finding that Plaintiff could perform work in the national economy." *Id.* at 9, 10. The Magistrate Judge stated in part:

> [T]he vocational expert testified that a person with Plaintiff's residual functional capacity could perform 500 jobs regionally in the San Diego area and 75,000 jobs nationally as a school nurse. The vocational expert also testified that he did

> not think that a public health license was required for the job of a school nurse in the national economy. Even if Plaintiff is correct that she is not qualified to be a school nurse in the state of California because she lacks the proper credentials, Plaintiff failed to put forth any evidence that the remaining 49 states in the national economy require a four-year degree or a special credential as qualifications for employment. As Plaintiff failed to disprove that she could perform the job of school nurse in other regions of the country, Plaintiff left intact the ALJ's finding that there exists a significant number of jobs in the national economy that Plaintiff is qualified to perform.

*Id*. at 11. The Magistrate Judge recommended that Plaintiff's Motion for Summary Judgment be denied and Defendant's Cross-Motion for Summary Judgment be granted.

On October 15, 2010, Plaintiff filed an Objection to the Report and Recommendation. (ECF No. 17). Plaintiff contends:

> The State of California requires a school nurse to have a baccalaureate or higher degree. Ms. George does not have such a degree. There is no evidence in the record of whether a four-year degree or a special credential is required for the other 49 states for the jobs of school nurse. It was the Commissioner's burden of proof to establish that she can do the work of school nurse without the baccalaureate or higher degree.

*Id*. at 1. Plaintiff contends that the Magistrate Judge "fails to acknowledge that it is not Plaintiff's burden to disprove that she could perform these jobs. It is the Defendant Commissioner's burden of proving that she can. The Defendant Commissioner has failed to do so." *Id*. at 2. Plaintiff did not object to the portion of the Report and Recommendation concluding that the ALJ's residual functional capacity finding is supported by substantial evidence.

## STANDARD OF REVIEW

*District Court Review of a Report and Recommendation*

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district court must "make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a report and recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

*Review of Denial of a Disability Claim*

When an applicant's claim for disability benefits under the Social Security Act has been denied, she may seek judicial review of the Commissioner's decision. *See* 42 U.S.C. § 405(g). Where, as in this case, "the Appeals Council denies a request for review of an ALJ's decision, the decision of the ALJ represents the final decision of the Commissioner." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 n.1 (9th Cir. 2004) (citing 20 C.F.R. § 404.981). A reviewing court will reverse the ALJ's decision only if "it is based upon legal error or is not supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and is "more than a mere scintilla but less than a preponderance." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (citation omitted). "If the record would support more than one rational interpretation, we defer to the ALJ's decision." *Bayliss*, 427 F.3d at 1214 n.1 (citation omitted).

DISCUSSION

Both the Magistrate Judge and the ALJ correctly stated that at the fifth step of the five-step sequential analysis for evaluating disability claims, "the burden shifts to the Commissioner ... to show that the claimant can perform other substantial gainful work." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see* Admin. R. at 28, ECF No. 9-2 ("Since the claimant is unable to perform her past relevant work, the burden shifts to the Commissioner of Social Security to establish that there are a significant number of other jobs existing in significant numbers in the national economy, in light of her age, education and past relevant work experience."); Report & Recommendation at 8, ECF No. 16 (same). The ALJ specifically credited the testimony of the vocational expert that Plaintiff could perform the occupation of school nurse, and that there are 500 school nurse jobs in the San Diego economy and 75,000 school nurse jobs in the national economy. *See* Admin. R. at 28-30, ECF No. 9-2. The vocational expert's testimony provides a sufficient basis for the Commissioner to satisfy his burden at step five that a significant number of jobs exist in the national economy. *See Bayliss*, 427 F.3d at 1218 ("[T]he ALJ's reliance on the VE's testimony regarding the number

1  of relevant jobs in the national economy was warranted.  An ALJ may take administrative
2  notice of any reliable job information, including information provided by a VE.  A VE's
3  recognized expertise provides the necessary foundation for his or her testimony.  Thus, no
4  additional foundation is required.") (citation omitted).

5  Even if Plaintiff has demonstrated that the vocational expert erroneously testified that
6  Plaintiff was qualified for the occupation of school nurse in California, Plaintiff has not shown
7  that the vocational expert was erroneous in his testimony that Plaintiff was qualified for a
8  significant number of school nurse jobs in the national economy outside of California.  *Cf.* 42
9  U.S.C. § 423(d)(2)(A) ("An individual shall be determined to be under a disability only if his
10 ... impairments are of such severity that he ... cannot, considering his age, education, and work
11 experience, engage in any other kind of substantial gainful work which exists in the national
12 economy, regardless of whether such work exists in the immediate area in which he lives....
13 For purposes of the preceding sentence ..., 'work which exists in the national economy' means
14 work which exists in significant numbers either in the region where such individual lives or
15 in several regions of the country.").

16 After reviewing de novo those portions of the Report and Recommendation to which
17 Plaintiff objected, and after generally reviewing the Report and Recommendation, the ALJ's
18 decision and the Administrative Record, the Court finds that the Magistrate Judge correctly
19 evaluated the facts and correctly applied the controlling law in this case.  The Court concludes
20 that the ALJ's decision is supported by substantial evidence and is free from legal error.

21                                    CONCLUSION

22 IT IS HEREBY ORDERED that: (1) the Report and Recommendation (ECF No. 16)
23 is ADOPTED in its entirety; (2) Plaintiff's Motion for Summary Judgment (ECF No. 13) is
24 DENIED; and (3) Defendant's Cross-Motion for Summary Judgment (ECF No. 14) is
25 GRANTED.  The Clerk of the Court shall enter judgment for Defendant and against Plaintiff.
26 DATED:  December 14, 2010

27
                                         **WILLIAM Q. HAYES**
28                                       United States District Judge